IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHALON KINHOLT, | CV 20-00021-H-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| ROEY PFISTER and JESSICA CONELL, | |
| Defendants. | |

Plaintiff Chalon Kinholt has failed to file an initial disclosure statement as required by Paragraph I(A) of the Court's June 16, 2020 Scheduling Order (Doc. 9). On October 5, 2020, the Court issued an Order requiring Mr. Kinholt to file his initial disclosure statement on or before October 30, 2020. Mr. Kinholt was advised that if he failed to file his disclosure statement before this deadline, this matter would be recommended for dismissal. Mr. Kinholt did not respond.

Based upon Mr. Kinholt's failure to comply with the Court's Orders dated June 16, 2020 (Doc. 9) and October 5, 2020 (Doc. 17), this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be

1

imposed as a sanction only in extreme circumstances.  *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  This case is at a critical stage in that discovery will expire on November 20, 2020 and motions are due on December 18, 2020.  This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal.  The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . .."  *Ferdik*, 963 F.2d at 1261.  "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Pagtalunan*, 291 F.3d 639 (*citing*

*Yourish*, 191 F.3d 983).  The Court must be able to manage its docket.  It cannot do so if Mr. Kinholt refuses to comply with Court imposed deadlines.  Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants.  "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Mr. Kinholt's failure to comply with the Court's disclosure requirements prejudices Defendants.  They cannot defend this matter without discovery.  The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* The Court made Mr. Kinholt aware of his disclosure obligations in the June 16, 2020 Scheduling Order and October 5, 2020 Order.  (Docs. 9, 17.)  The Court specifically advised Mr. Kinholt in its October 5, 2020 Order that his failure to comply with the Order would result in a recommendation that this matter be dismiss for failure to comply with a court

3

order.  (Doc. 17 at 2.)  Mr. Kinholt did not respond.  The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

**ORDER**

1.  This matter is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 13th day of November, 2020.

John Johnston
United States Magistrate Judge